UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CHARLIE LEE THOMAS,

    Plaintiff,

vs.                                          Case No. 2:08-cv-573-FtM-99DNF

CHARLOTTE COUNTY SHERIFFS DEPARTMENT, JOHN DAVIS MCQUEEN, F.D.L.E., CHARLOTTE SUN, FORT MYERS NEWS-PRESS, SHERIFF DAVENPORT, JIM MYERS, SUNCOAST MEDIA GROUP, and 1-800-TIPS,

    Defendants.
_____

**OPINION AND ORDER**

This matter comes before the Court upon initial review of the file. Plaintiff, who is currently confined at New River Correctional Institution and is proceeding *pro se,* filed a civil rights complaint form pursuant to 42 U.S.C. § 1983 with exhibits ("Complaint," Doc. #1) on July 18, 2008. Plaintiff names the following Defendants: Charlotte County Sheriff's Department; John Davis McQueen, F.D.L.E.; the Charlotte Sun; the Fort Myers News-Press; Sheriff Davenport; Jim Myers; Suncoast Media Group; and 1-800-Tips. Complaint at 6-7.[1]

---

[1]The page numbers referenced herein are to the page of the identified document as it appears on the Court's case management electronic computer filing system.

In his Complaint, Plaintiff avers that he wrote a "proffer" to officials on behalf of an inmate, Jeremy Sly, that led to Sly's indictment for six murders that occurred in Port Charlotte and North Port in December 1991. <u>See</u> <u>generally</u> Complaint. Plaintiff claims violations of "publication rights of proffer[,] false advertisement[,] [and] denial of reward money for resolving murder case." Complaint at 8. As relief, Plaintiff seeks "the reward money" allegedly offered in connection with these cases. <u>Id.</u> at 10. Further, Plaintiff asks to be compensated for the newspapers reprinting the "proffer" without his consent. <u>Id.</u>

Plaintiff is currently confined in jail and seeks to proceed *in forma pauperis* in this action. <u>See</u> Affidavit of Indigence (Doc. #2). The Prison Litigation Reform Act requires that the Court review all complaints against governmental officers and entities to determine whether the action is "frivolous, malicious, or fails to state a claim upon which relief can be granted; or seeks monetary relief from a defendant who is immune from such relief." <u>See</u> 28 U.S.C. § 1915A(a), (b)(1), (b)(2). In addition, 28 U.S.C. § 1915(e)(2) directs that the Court "shall dismiss the case at any time if the court determines that "the action . . . is frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(i)(ii). In essence, § 1915 is a screening process to be applied *sua sponte* and at any time during the proceedings. In reviewing a complaint, however, the courts

must apply the long established rule that *pro se* complaints are to be liberally construed and held to a less stringent standard than pleadings drafted by attorneys. Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007). And, the court views all allegations as true. Brown v. Johnson, 387 F.3d 1344, 1347 (11th Cir. 2004).

A case is deemed frivolous where the complaint lacks any arguable basis in law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); see also Mitchell v. Brown & Williamson Tobacco Corp., 294 F.3d 1349 (11th Cir. 2002); Bilal v. Driver, 251 F.3d 1346 (11th Cir. 2001). Frivolous claims are those that describe "fantastic or delusional scenarios." Bilal, 251 F.3d at 1349. In considering whether dismissal is appropriate under § 1915(e)(2)(ii), the court applies the standard governing dismissal under Federal Rule of Civil Procedure 12(b)(6). Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008); Mitchell v. Carcass, 112 F.3d 1483, 1490 (11th Cir. 1997). Section 1915(e)(2)(ii) is identical to the screening language of § 1915A. Thus, a complaint is subject to dismissal for failure to state a claim if the facts as plead do not state a claim for relief that is plausible on its face. Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1968-69 (2007)(abrogating Conley v. Gibson, 355 U.S. 41 (1957)). Additionally, the court may dismiss a case when the allegations in the complaint on their face demonstrate that an affirmative defense bars recovery of the claim. Marsh v. Butler County, Ala., 268 F.3d 1014, 1022 (11th Cir. 2001).

As this is a § l983 action, the initial inquiry must focus on the presence of two essential elements:

> (1) whether the person engaged in the conduct complained of was acting under color of state law; and (2) whether the alleged conduct deprived a person of rights, privileges or immunities guaranteed under the Constitution or laws of the United States.

Griffin v. City of Opa-Locka, 261 F.3d 1295, 1303 (11th Cir. 2001).

Without determining whether all of the named Defendants are state actors for purposes of § 1983,[2] the Court finds that the Complaint fails to allege any violation of the Constitution or laws of the United States. Nor can the Court independently conceive of any First Amendment or other constitutional infringement or violation of federal law, which is implicated by the allegations of the Complaint. Thus, the Court finds that Plaintiff has failed to state a cognizable claim under § 1983 and consequently, this case will be dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

ACCORDINGLY, it is now

**ORDERED:**

1. Plaintiff's Complaint is **DISMISSED**, WITHOUT PREJUDICE, for failure to state a claim upon which the Court can grant relief.

---

[2] At the outset, the Court notes that the Charlotte County Sheriff's Department is not a legal entity subject to suit for violations of § 1983. See Lawal v. Fowler, 196 Fed. Appx. 765, 768 (11th Cir. 2006). Further, the Court takes judicial notice of the fact that Defendant the Charlotte Sun [Herald] is a newspaper, which is owned by Defendant Suncoast Media Group, a for-profit corporation. Similarly, Defendant the News Press is a newspaper, which is owned by Gannet Company, a for-profit corporation.

2.   The **Clerk of the Court** shall: (1) enter judgment accordingly; (2) term any pending motions; and (3) close this file.

**DONE AND ORDERED** in Fort Myers, Florida, on this __13th__ day of August, 2008.

                                        /s/ John E. Steele
                                        JOHN E. STEELE
                                        United States District Judge

SA: hmk
Copies: All Parties of Record